**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

---

Deborah K. and David K., on their own behalf
and on behalf of their minor son, A.K.

      Plaintiffs,

v.

BOARD OF EDUCATION OF
THE CITY OF CHICAGO,

      Defendant.

Case No. 1:19-cv-03199

Honorable _____

---

## COMPLAINT

### I.      INTRODUCTION

1.      Plaintiffs Deborah K. and David K. ("the Parents"), bring this civil action on their own behalf and on behalf of their minor son, A.K., against Defendant Board of Education of the City of Chicago ("CPS" or "the District") following the resolution via settlement agreement of a complaint filed in this Court pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq.* Defendant has violated the terms of the settlement agreement entered into by the parties, leading to a significant risk of harm to Plaintiffs, thus necessitating this action.

### II.      JURISDICTION AND VENUE

2.      Jurisdiction is conferred upon this Court by 20 U.S.C. § 1415(f)(1)(B)(iii)(II), which provides the District Courts of the United States with jurisdiction to enforce settlement agreements entered into through the due process hearing process.

3.      This Court also has jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3) and (4).

4.      There is a present and actual controversy between the parties to this action. As the IDEA does not empower Impartial Hearing Officers with the authority to enforce settlement agreements, exhaustion of administrative remedies is not required or relevant to this matter.

5.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b), as Plaintiffs reside within the Northern District of Illinois and all events and omissions giving rise to this Complaint occurred in the Northern District of Illinois.

### III.      PARTIES

6.      Plaintiffs Deborah K. and David K. are the parents of A.K. They reside within the jurisdictional boundaries of the City of Chicago School District #299.

7.      Plaintiff A.K. was born on March 7, 2008. He resides with his parents, D.K. and D.K., within the jurisdictional boundaries of the City of Chicago School District #299. A.K. is a child with disabilities, including diagnoses of attention-deficit hyperactivity disorder ("ADHD"), unspecified neurodevelopmental disorder, and specific learning disorders in reading, writing, and mathematics. A.K. also has visual-spatial and fine motor deficits resulting from accommodative esotropia, amblyopia of both eyes, suppression of binocular vision, diplopia, oculomotor dysfunction, and hypotonia.

8.      Defendant Board of Education of the City of Chicago is a local education agency ("LEA") subject to the provisions of the IDEA.

### IV.      FACTS

9.      On August 30, 2017, the Parents filed a Due Process Hearing Request under the IDEA to challenge the District's inappropriate placement of A.K. in a segregated cluster program for students with cognitive impairments.

10.     After conducting a Due Process hearing in December 2017 and January 2018, the Impartial Hearing Officer ("IHO") issued a Final Determination and Order on February 1, 2018, in which she agreed with the Parents that the District's proposed placement in the segregated cluster program was not appropriate for A.K. The IHO ordered the District to convene an Individualized Educational Program ("IEP") meeting to provide A.K. with a "multi-sensory approach comparable to Wilson or Orton-Gillingham" to teach A.K. in his self-contained academic classes for the subjects of reading, writing, and mathematics.

11.     On February 14, 2018, the District and the Parents met for an IEP team meeting to effectuate the IHO's Order. Once again, a dispute arose regarding placement when the District announced its decision to place A.K. in a separate school.

12.     On March 8, 2018, the Parents filed a complaint in this Court to challenge the District's noncompliance with the IHO's Order. The case was referred to as *A.K. v. Board of Education of the City of Chicago*, Case No. 18-cv-01719.

13.     After extensive negotiations, including multiple settlement conferences with a Magistrate Judge, the parties executed a settlement agreement ("the Agreement") on December 11, 2018 to resolve the dispute raised by Plaintiffs' complaint. (*See* Exhibit A). On December 21, 2018, the case was dismissed by order of the Court.

14.     Pursuant to the Agreement, Defendant committed, among other things, to fund A.K.'s placement for the first half of each school day during the 2018-2019 and 2019-2020 school years at Redwood Literacy Chicago ("Redwood"), a private educational day program that provides research-based multi-sensory instruction to students with learning disabilities.

15.     On December 12, 2018, the parties met and drafted an IEP incorporating A.K.'s placement at Redwood.

16.     A.K. began attending Redwood in January 2019 and has attended school there for the first half of each school day since, in accordance with the Agreement and IEP. Upon information and belief, he has made substantial progress in response to the instruction provided by Redwood.

17.     Upon information and belief, from the time A.K. began attending Redwood, the school has attempted to secure payment by reaching out to the District multiple times each month. The District has responded with various excuses or failed to respond at all. As the District did not make the required payments, Redwood then sent its invoices to the Parents.

18.     On February 26, 2019, Plaintiffs' counsel sent emails to the District, forwarding the invoices that had been sent to the Parents as well as emails between the Parents and Redwood indicating that the District had not provided payment for A.K.'s tuition. (*See* Exhibit B). Plaintiffs informed the District that its failure to make payment in violation of the Agreement was causing emotional distress to A.K. and the Parents and potentially jeopardizing A.K.'s placement at Redwood. Plaintiffs requested that the District provide payment by March 1, 2019, in order to avoid the need for litigation and ensure that the tuition costs did not fall on the Parents. The District never responded to Plaintiffs' emails and made no payment to Redwood.

19.     On March 5, 2019, Plaintiffs' counsel sent another email to the District, requesting an explanation for why the District continued to withhold A.K.'s tuition payments and making it clear that continued violation of the Agreement would result in a complaint being filed against the District. (*See* Exhibit C). The District did not respond to this email or provide payment to Redwood.

20.     On March 14, while communicating via email about a separate matter, Plaintiffs' counsel asked the District if it intended to respond to Plaintiffs' repeated attempts to communicate

regarding the District's violation of the Agreement. For the first time, the District responded to Plaintiffs' inquiries by simply stating, "I have been working with Redwood directly to get everything set up." (*See* Exhibit D). The District did not offer any explanation of the reason for the lengthy delay in payment or estimation of when payment would finally be made. The District did not make any payments to Redwood after that email.

21.     On April 10, 2019, Plaintiff's counsel spoke with the District's counsel by phone and informed them that Redwood had conveyed to the Parents that it would be forced to prevent A.K. from continuing to attend the school if it did not receive payment from the District in the near future. The District's counsel responded by deflecting blame to another member of the District's legal team and stating that she'd let that attorney know about the situation. Again, no explanation was provided and no commitment was made to provide payment to Redwood. No payment was forthcoming.

22.     On April 18, 2019, Plaintiffs received a letter from Redwood detailing the District's absolute lack of cooperation and refusal to make payment over the previous four months. (*See* Exhibit E). In the letter, Redwood's Director confirmed that Redwood complied with all requests and requirements the District presented and still had not received payment or even a signed contract from the District. As a result, Redwood declared that without payment in full and a signed contract by June 1, 2019, it would not allow A.K. to attend Redwood for the 2019-2020 school year. Redwood indicated that absent a contract, they likely would not have an opening for A.K. for the 2019-2020 school year, preventing A.K. from receiving the benefit of the Agreement for the coming year.

23.     On April 22, 2019, Plaintiffs' counsel sent a letter to the District, sharing Redwood's letter and informing them of the ultimatum and deadline of June 1, 2019 to provide all

outstanding payments. (*See* Exhibit F). Plaintiffs' counsel implored the District to submit full payment to Redwood by May 1, 2019, in order to avoid Plaintiffs having to resort to legal proceedings in order to resolve this issue.

24.     As of this date, the District has not responded to Plaintiffs' letter or to Redwood's repeated communications. The District has not provided a signed contract or any payment to Redwood and currently owes $15,000 for A.K.'s tuition at Redwood from January to May 2019.

25.     Plaintiffs are aggrieved by Defendant's violation of the terms of the Agreement and seek relief as detailed below.

## V.     ARGUMENT

### COUNT I

**Defendant is in Breach of the Settlement Agreement by Refusing
to Provide Payment to Redwood for A.K.'s Tuition**

26.     Plaintiffs repeat and reallege paragraphs 1-25 above and incorporate them herein by reference.

27.     Plaintiffs have performed any and all obligations under the Agreement.

28.     Upon information and belief, Redwood has complied with all requests made by the District in order to ensure that prompt payment could be made.

29.     The District has refused to make any payments to Redwood for A.K.'s tuition and has not even provided Redwood with a signed contract, thus resulting in a material breach of the parties' Settlement Agreement.

30.     The District has refused to communicate substantively with Plaintiffs or Redwood regarding its violation of the settlement agreement and has not provided any explanation for its failure to make payment for A.K.'s tuition.

31.     As a result of the District's refusal to honor the commitment it made in the Settlement Agreement, A.K.'s enrollment status at Redwood for the 2019-2020 school year is in immediate jeopardy. If the District does not provide payment to Redwood by June 1, 2019, A.K. will no longer be allowed to attend Redwood, resulting in an additional material breach of the Agreement and a critically harmful disruption of needed educational services for A.K.

32.     Plaintiffs have accrued substantial financial liability for monthly tuition payments to Redwood that are rightly the District's obligation to pay. Plaintiffs have also incurred significant attorneys' fees and costs in attempting to enforce the Agreement.

33.     The District is liable to Plaintiffs under 42 U.S.C. § 1983. Under color of state law, the District is denying Plaintiffs' right to a free appropriate education in accordance with the IDEA, which the Agreement was meant to effectuate.

## VI.     REQUESTED RELIEF

Wherefore, Plaintiffs respectfully request that this Court:

A.     Find that Defendant's failure to provide payment to Redwood for A.K.'s tuition amounts to a material breach of the parties' Settlement Agreement;

B.     Issue a preliminary injunction ordering Defendant to provide Redwood with a signed contract and payment of $15,000 for A.K.'s January to May 2019 tuition as soon as possible, but no later than June 1, 2019, in order to safeguard A.K.'s enrollment at Redwood for the upcoming 2019-2020 school year, in accordance with the Settlement Agreement;

C.     Issue a permanent injunction ordering Defendant to make timely continuing payments to Redwood moving forward so that all invoices are paid within 30 days of receipt, in order to ensure that A.K.'s placement at Redwood is not placed in further jeopardy;

D.      Order Defendant to pay Plaintiffs' reasonable attorneys' fees and costs incurred in

bringing this action; and

E.      Order any other and further relief, both legal and equitable, that this Court may

deem just and proper.

Respectfully submitted on this 10th day of May, 2019,

> Deborah K. and David K., on their own
> behalf and on behalf of their minor son,
> A.K.,
>
> By their attorneys,
>
> */s/ Matthew D. Cohen*
> Matthew D. Cohen
>
> */s/ Bradley J. Dembs*
> Bradley J. Dembs
>
> Matt Cohen & Associates, LLC
> 155 N. Michigan Ave., Suite 715
> Chicago, IL 60601
> (866) 787-9270
> mdcspedlaw@gmail.com
> bradspedlaw@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2019, I electronically filed the foregoing with the Clerk of

the Court using the CM/ECF system, which sent notification of such filing to all counsel of record

in this matter. I also served the foregoing via email upon:

Kathleen M. Gibbons
Senior Assistant General Counsel
Board of Education of the City of Chicago
Law Department, Suite 900
1 N. Dearborn Street
Chicago, IL 60602
(773) 553-1926
kgibbons@cps.edu

                                        */s/ Bradley J. Dembs*
                                        Bradley J. Dembs
                                        Matt Cohen & Associates, LLC
                                        155 N. Michigan Ave., Suite 715
                                        Chicago, IL 60601
                                        (866) 787-9270
                                        bradspedlaw@gmail.com